IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| POWDERWOOD CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> ROYCE L. MONSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND <br><br><br><br><br> Case No. 2:12-CV-379 TS |

This matter is before the Court on Plaintiff's Motion to Remand. Defendant has not responded to Plaintiff's Motion, but has filed a motion to dismiss. For the reasons discussed below, the Court will grant Plaintiff's Motion and remand this matter to state court.

I.  BACKGROUND

Plaintiff brought an unlawful detainer action against Defendant in state court. In the state court complaint, Plaintiff indicated that the amount in controversy was less that $2,000.00, exclusive of costs. Defendant removed this action to this Court under diversity jurisdiction. Defendant argued that the parties were diverse and that the amount in controversy exceeded $75,000.00. Plaintiff now seeks remand.

1

## II.  DISCUSSION

A civil action is removable if Plaintiff could have originally brought the action in federal court.[1]  Defendant removed this action on the basis of diversity jurisdiction.  28 U.S.C. § 1332(a)(1) states that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

As the party invoking federal jurisdiction, Defendant bears "the burden of establishing that the requirements for the exercise of diversity jurisdiction are present."[2]  At issue here is the amount in controversy requirement.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."[3]  Defendant must establish the jurisdictional amount by a preponderance of the evidence.[4]

A review of the state court complaint reveals that Defendant has failed to establish the amount in controversy requirement.  The complaint clearly states that the amount in controversy is less than $2,000.00.  It is true that Plaintiff seeks treble damages, attorney's fees, and costs.  However, even considering these damages, the total damages would still fall well under the

---

[1] 28 U.S.C. § 1441(a).

[2] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] *Martin*, 251 F.3d at 1290.

jurisdictional amount.[5]  Further, Defendant asserts that the complaint puts ownership of the home at issue, and the home is worth $124,341.00.  The ownership of the home, however, is not at issue because Plaintiff has already purchased the home as a result of a sheriff's sale and is only seeking rent and other related damages in this action.[6]  Based upon all of this, the Court finds that Defendant has failed to present sufficient evidence to show presence of the jurisdictional amount and this matter must be remanded to state court.

In the event of remand, Plaintiff seeks costs, expenses, and attorney's fees resulting from the removal.  28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "[T]he standard for awarding fees should turn on the reasonableness of the removal."[7]  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objective reasonable basis exists, fees should be denied."[8]  The Court finds that Defendant had an objectively reasonable basis for seeking removal, based on his mistaken belief that this case concerned ownership of the home.  Therefore, the Court will deny Plaintiff's request for an award of costs, expenses, and attorney's fees.

---

[5] *See* Docket No. 11, Ex. F.

[6] The sheriff's sale occurred as a result of previous litigation between the parties wherein Plaintiff obtained a judgment against Defendant.  Any challenge by Defendant to that previous judgment would likely be barred by the *Rooker-Feldman* doctrine.  *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[7] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[8] *Id*.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 11) is GRANTED.  The Clerk of the Court is directed to remand this matter to the Third Judicial District Court, State of Utah, and close this case.

The hearing set for September 25, 2012 is STRICKEN.

DATED   September 11, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge